```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
G & G CLOSED CIRCUIT EVENTS, LLC,                           :
                                  Plaintiff,                :
                                                            :   20 Civ. 5077 (LGS)
                  -against-                                 :
                                                            :   ORDER
THERESA D. GUARDADO GARCIA, et al.,                         :
                                  Defendants.               :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

**Procedural History**

WHEREAS, G & G Closed Circuit Events, LLC ("Plaintiff") brings this case alleging that Theresa D. Guardado Garcia ("Ms. Guardado") and Restaurante La Libertad Corp (the "Corporate Defendant") (collectively "Defendants") engaged in the unlawful interception, receipt and publication of Plaintiff's television program. (*See* Dkt. No. 1).

WHEREAS, the Corporate Defendant was served on July 20, 2020, and failed to answer or otherwise respond to the Complaint. (Dkt. No. 8).

WHEREAS, Ms. Guardado was served on July 23, 2020, and failed to answer or otherwise respond to the Complaint. (Dkt. No. 12).

WHEREAS, on September 3, 2020, the Clerk of Court entered Certificates of Default against Ms. Guardado and the Corporate Defendant. (Dkt. Nos. 16, 17).

WHEREAS, on September 18, 2020, the Court directed Defendants to show cause at a hearing on October 15, 2020, why a judgment of default should not be entered pursuant to Rule 55 of the Federal Rules of Civil Procedure against them (the "Hearing"). (Dkt. No. 24).

WHEREAS, on October 14, 2020, counsel for the Corporate Defendant entered an appearance, filed a Suggestion of Bankruptcy, and filed a letter motion to stay this action

because Albertico Chavez ("Mr. Chavez"), who is the sole shareholder of the Corporate Defendant, had filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code").  (Dkt. Nos. 26, 27).

WHEREAS, at the October 15, 2020, show cause hearing, Ms. Guardado appeared pro se and argued that she had sold the Corporate Defendant prior to the events alleged in the Complaint.  Counsel for the Corporate Defendant also appeared.

WHEREAS, pursuant to the Court's order, the parties filed a joint letter on October 22, 2020, with Ms. Guardado describing documents she had provided to Plaintiff allegedly evidencing her sale of the restaurant; and Plaintiff opposing the Corporate Defendant's application for a stay and declining to dismiss the action against Ms. Guardado.

**Automatic Stay - Applicable Law and Legal Analysis**

WHEREAS, Section 362(a) of the Code provides, in relevant part, that the filing of a petition under Chapter 11 "operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a); *In re Lehman Bros. Holdings Inc.*, 970 F.3d 91, 97 n. 4 (2d Cir. 2020).  "A suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing."  *Queenie, Ltd. v. Nygard Intern.*, 321 F.3d 282, 287 (2d Cir. 2003); *accord Livingstone v. Tough Mudder Inc.*, No. 19 Civ. 839, 2020 WL 1905203 at *1 (E.D.N.Y. Apr. 17, 2020).  However, "the automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd.*, 321 F.2d at 287.  An automatic stay does apply to proceedings against a debtor's wholly owned corporation.  *Id.*

WHEREAS, even where the automatic bankruptcy stay does not apply, a "District Court

has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *accord Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). Thus, the Court has inherent authority to issue a stay where the interests of justice require such relief. *See Louis Vuitton Malletier S.A.*, 676 F.3d at 96.

WHEREAS, Plaintiff opposes the stay and argues that a limited liability company is not an individual and thus cannot be a debtor or codebtor under Chapter 13 of the Code entitled to an automatic stay under § 362(a), citing *In re McCormick*, 381 B.R. 594, 602 (Bankr. S.D.N.Y. 2008). Plaintiff further argues that the holding in *Queenie* permitting application of the automatic stay to certain related nondebtors should be read narrowly and should not be extended to Chapter 13 of the Code. *See In re McCormick*, 381 B.R. at 602.

WHEREAS, Plaintiff's arguments are unpersuasive because *Queenie* held that a claim against a closely-held corporation is barred by the automatic stay resulting from the owner's bankruptcy. *See Queenie, Ltd.*, 321 F.2d at 287. The Corporate Defendant is wholly owned by Mr. Chavez. Success against the Corporate Defendant would have an immediate adverse economic effect on Mr. Chavez's estate. The Court finds no basis for interpreting § 362(a)(1) differently depending on whether the debtor has applied for Chapter 11 or Chapter 13 bankruptcy under the Code, or for limiting *Queenie*'s holding to corporations, as opposed to LLCs. *See M.E.S., Inc. v. M.J. Favorito Elec., Inc.*, No. 9 Civ. 183, 2010 WL 959604 at *2 n.3 (E.D.N.Y. Mar. 15, 2010).

WHEREAS, on a separate and independent basis, the Court may stay a case on its inherent authority to control its own docket. A stay of this case against the Corporate Defendant is in the interest of justice. The Court is persuaded that adjudication against the Corporate Defendant will negatively impact Mr. Chavez's interests. Plaintiff has not identified any

countervailing interests.

### **Vacatur of Certificate of Default – Applicable Law and Legal Analysis**

WHEREAS, "The court may set aside an entry of default for good cause . . . . " Fed. R. Civ. P. 55(c).  To determine whether "good cause" exists, "a district court must consider three factors: (1) whether the default was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Swarna v. Al–Awadi*, 622 F.3d 123, 142 (2d Cir. 2010).  "It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits."  *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001).  "Because there is a preference for resolving disputes on the merits, doubts should be resolved in favor of the defaulting party."  *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (quotation marks omitted); *accord Berrocal v Sheet Music Now, Inc.*, No. 19 Civ. 5123, 2020 WL 4570339, at *1 (S.D.N.Y. Aug. 7, 2020).

WHEREAS, during the October 15, 2020, show cause hearing, Plaintiff's counsel indicated that Ms. Guardado had communicated with Plaintiff a year-and-a-half ago that she did not own the Corporate Defendant at the time the events alleged in the Complaint occurred.  Ms. Guardado then retained counsel who subsequently contacted Plaintiff and echoed that the restaurant previously had been sold.  The evidence does not support that Ms. Guardado's default was willful, particularly as she is now acting pro se and apparently believed that, having sold the Corporate Defendant, she had no further interest in the matters at issue.  On the same basis, she appears to have a meritorious defense.  Finally, Plaintiff has not indicated that it would be prejudiced if the Certificate of Default against Ms. Guardado were set aside.  It is hereby

**ORDERED** that, for good cause shown, the September 3, 2020, Certificate of Default against Ms. Guardado (Dkt. No. 16), is vacated.  It is further

**ORDERED** that this action is stayed as to the Corporate Defendant, including any motion for default judgment against the Corporate Defendant, pending resolution of Mr. Chavez's bankruptcy proceeding.  On **December 22, 2020**, and every forty-five days thereafter, Plaintiff shall file a status letter updating the Court on the status of that proceeding as it affects this case.  It is further

**ORDERED** that, by **December 4, 2020**, if the Complaint is not dismissed as to Ms. Guardado, she shall file an answer to the Complaint.

The Clerk of Court is respectfully directed to close the open motion at Dkt. No. 28.

Dated: November 5, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**